# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATINA McGHEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-873-BAJ-SDJ** |
| **PRIMERICA LIFE INSURANCE COMPANY** | |

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on September 14, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CATINA McGHEE | CIVIL ACTION |
| VERSUS | NO. 22-873-BAJ-SDJ |
| PRIMERICA LIFE INSURANCE COMPANY | |

### ORDER

Before the Court is Plaintiff's Motion to Remand (R. Doc. 8) filed on December 7, 2022. Defendant filed an Opposition (R. Doc. 9), and Plaintiff filed a reply (R. Doc. 14). For the reasons below, the undersigned **RECOMMENDS** that the Motion to Remand be **GRANTED** and the matter **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana.

### I.    BACKGROUND

This case arises from Plaintiff's claim for life insurance benefits after the death of her husband. The insurance policy lays out a spousal benefit of $75,000 upon a covered spouse's death. (R. Doc. 1-4 at 3, 23). Defendant denies that payments are due under the policy.[1] (R. Doc. 5 at ¶5). Defendant removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332. Per §1332, district courts have jurisdiction in actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different states". 28 U.S.C. §1332(a), (a)(1). There is no contention here that the parties are not diverse; therefore, the only relevant issue here is the amount in controversy.

---

[1] But that matter is not before the Court in the instant motion.

## II. LAW AND ANALYSIS

Each of parties takes a strong position on the argument they think resolves the jurisdictional question, but interestingly neither party substantively engages the other's argument. Plaintiff argues that the explicit statement in her Petition that she will not seek any award over $75,000 (R. Doc. 1-2 at ¶7) and the affidavit of clarification filed with the instant motion (R. Doc. 8-2) constitute a stipulation to an amount in controversy that deprives this Court of jurisdiction. In opposition, Defendant perfunctorily dismisses Plaintiff's stipulation and argues that contractual interest on the life insurance claim and other penalties must be included in the calculation of amount in controversy—necessarily pushing the amount over the jurisdictional minimum. Finally, in her Reply, Plaintiff asserts that Defendant's arguments are irrelevant and reasserts her stipulation.

### A. Plaintiff's Stipulation to Amount in Controversy

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that she will not be able to recover the jurisdictional amount—a burden which can be met by: (1) showing state procedural rules binding the plaintiff to her pleadings; or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.1995). A mere post-removal stipulation that the damages do not exceed $75,000 does not defeat jurisdiction, but a post-removal affidavit may be considered if it contains facts that clarify an uncertainty about the amount in controversy at the time of removal. *Gebbia v. Wal–Mart*, 233 F.3d 880, 883 (5th Cir.2000).

In her Petition, Plaintiff seeks unpaid life insurance benefits, stating that the value of the claim does not exceed $75,000 and that Plaintiff will not seek to amend the complaint to raise the

amount in controversy or accept any award greater than $75,000. (R. Doc. 1-2 at ¶ VII). Defendant claims that Plaintiff did *not*, in fact, stipulate to damages of less than $75,000 in the original petition. (R. Doc. 9 at 1). But Defendant offers no further explanation of this point, and the Court cannot read "Plaintiff and undersigned counsel further stipulate that they renounce any right [to] seek or to enforce any judgment amount over and above $75,000, exclusive of interest and costs," as anything but such a stipulation. (R. Doc. 1-2 at ¶ VII).

Defendant notes in the Notice of Removal that the life insurance policy in question includes 0.75% interest accruing from the date of death. (R. Doc. 1 at ¶ 7). Defendant asserts that because the interest was written into the contract, it is necessarily included in the amount in controversy, and that Plaintiff cannot unilaterally alter the insurance contract in order to defeat federal jurisdiction. (R. Doc. 1 at ¶ 8; R. Doc. 9 at 1-2). But Plaintiff's stipulation does not purport to alter the insurance contract; instead, it is more like a contract with the courts that Plaintiff will not seek or accept a damage award in excess of $75,000. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1061 (5th Cir. 2022) ("These stipulations can be binding even when the defendant disputes them. That's because when the plaintiff states the fact that it is not seeking more than a particular amount and that it will not accept more than that amount, the legal consequence is that the court may not order more than that amount. The binding nature of the plaintiff's statement does not depend on the defendant because in these circumstances, the amount in controversy turns only on (a) the plaintiff's demand and (b) the trial court's ability to limit the plaintiff to that demand.").

Assuming *arguendo* that the contractual interest of 0.75% on the insurance policy should properly be included in the amount in controversy,[2] Defendant has shown that the amount in

---

[2] The issue of the interest itself is addressed below, separately from the issue of stipulation. Previewing that discussion: this hypothetical is purely academic.

controversy is likely to exceed the jurisdictional minimum.[3] Thus the burden shifts to Plaintiff to show that it is a "legal certainty" that she will not be able to recover the jurisdictional amount. *McGlynn v. Huston*, 693 F.Supp.2d 585, 593 (M.D.La., March 5, 2010) (citing *De Aguilar*, 47 F.3d.). Here, Plaintiff has clearly filed such a stipulation in her Petition.[4] Because Plaintiff's stipulation was made prior to removal and limits her recovery, the stipulation is sufficient to show with legal certainty that the amount in controversy is less than the jurisdictional minimum.[5]

### B. Interest and Costs

Determining that Plaintiff has shown with legal certainty that she will not recover more than the jurisdictional minimum is all that is required here to show that remand should be granted. But as most of Defendant's argument centers on of the issue of interest and penalties, the Court feels the need to clarify some apparent misunderstandings regarding interest and the amount in controversy.

As an initial matter, district courts have jurisdiction over actions "where the amount in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*". 28 U.S.C. § 1332 (a) (emphasis added). This means that interest and costs are not included in the calculation of the amount in controversy. In excluding interests from this calculation, the drafters intended to prevent plaintiffs from merely allowing interest to accrue until the total value owed exceeded the

---

[3] Because the base value of the policy is $75,000, any accrual of interest included in the amount in controversy would necessarily surpass the jurisdictional minimum.

[4] Defendant argues for a second time in their Opposition to Remand that plaintiff has not "expressly renounced 'the right to recover in excess of $75,000 in the event that she is awarded that amount in state court'," as is required for the stipulation to amount in controversy to be binding when the state court may sua sponte award more than is sought in the petition. *McGlynn*, 693 F.Supp.2d at 593. But again, the Court must point to the Petition at ¶ VII: "Plaintiffs and undersigned counsel further stipulate that they **renounce any right [to] seek or enforce any judgment amount over and above $75,000**, exclusive of interest and costs." (emphasis added).

[5] Plaintiff filed a post-removal affidavit clarifying and reiterating the stipulation (R. Doc. 8-2), seemingly in response to Defendant's arguments in their Notice of Removal. While a post-removal stipulation cannot alone deprive the Court of jurisdiction that existed at the time of removal, here the stipulation in the Petition was clearly prior to removal, and the affidavit merely clarifies the previously stated stipulation. *See Gebbia*, 233 F.3d.

amount in controversy. 14AA Fed. Prac. & Proc. Juris. § 3712 (4th ed.). Here, plaintiff has not delayed suit, but instead we have the inverse issue: defendants could delay removal until interest accrued such that the amount in controversy was exceeded. To allow defendants such control over jurisdiction would go against the general principle that plaintiffs are masters of their own complaints.

The word "interest" has caused some confusion and discussion over what constitutes interest for the purposes of the amount in controversy. When in doubt, courts generally turn to the intent explained above. *See, e.g. Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988) ("'Interest' for purposes of § 1332(a) is a sum that becomes due because of delay in payment."). Such an analysis leads to the inclusion of interest in specific fact patterns, some of which Defendant has cited in support of their argument. (R. Doc. 9 at 2) (citing *Brainin v. Melikian*, 396 F.2d 153 (3d Cir. 1968) and *Grunblatt v. UnumProvident Corp.*, 270 F.Supp.2d 347 (E.D.N.Y. 2003)). These cases conclude that when interest is an integral part of the total obligation, interest should be included in the calculation. As such, Defendant claims that, because interest was written into the insurance contract, it is an essential part of the obligation to Plaintiff. (R. Doc. 9 at 2-3). But to claim as much would be only to rely on the word "interest" and not the underlying mechanism.

The cases Defendant cites—and others in the same line—concern promissory notes and the interest accrued *before* maturity. These would be akin to a student loan, where a debtor accrues interest during the period of repayment, and that interest adds to the total value due on a rolling basis. This kind of interest is not dependent on delays in payment after the payment has come due

but instead is a primary element of the loan agreement. An insurance policy is an entirely different kind of agreement. Here, the interest that Defendant owes is not part of the total amount due unless Defendant delays payment—that is, if Defendant had paid out the life insurance claim on the day Plaintiff's spouse died, no interest would have been due. *C.f. Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-175S, 2015 WL 471323, at *3 (W.D.N.Y. Feb. 4, 2015) (finding that even when interest was due under contract, interest was accruing due to delay in payment and thus could not be considered in the amount in controversy) (citing cases). Thus, Defendant here had the power to delay payment until the amount due exceeded the jurisdictional minimum. It just so happens that in this particular case, with a face value of exactly $75,000, Defendant didn't have to wait long at all.

Next, Defendant argues that Plaintiff seeks to recover statutory interest "in lieu of contractual or penal interest" in an attempt to substitute interest that would not be considered part of the amount in controversy in place of the "contractual interest" that Defendant alleges should be part of the calculation. (R. Doc. 9 at 3). There is no underhanded substitution here. Plaintiff has renounced the right to seek any amount that would increase the amount in controversy. The only interest that Plaintiff retains a right to is judicial interest that might accrue if a judgment were rendered in Plaintiff's favor.[6] Again, this is exactly the kind of interest anticipated in §1332 and does not increase the amount in controversy.

Finally, Defendant provides a brief analysis of La. R.S. § 22:1811 and courts' interpretations of the interest rate in that statute as a "penalty" rather than "interest" per se. (R. Doc. 9 at 3-4). Although Plaintiff specifically states that she is not seeking any award under §

---

[6] Defendant argues that specific judicial interest statue cited by Plaintiff in their Affidavit (R. Doc. 8-2) does not apply to this case as that statute only refers to tort claims. The existence of judicial interest on a state court award is not in this Court's purview. All that matters here is that, if there were applicable judicial interest, it would not contribute to the amount in controversy.

22:1811 (R. Doc. 8-2 at ¶ 3), Defendant seems to imply that Plaintiff's mention of "penalties" in her Petition must necessarily refer to that statute. Defendant misapprehends the wording. When Plaintiff says she seeks no greater than "$75,000 total award, including penalties and attorney's fees, but exclusive of interest and costs," she is tracking the standard language of 28 U.S.C. § 1332, indicating that any penalties and attorney's fees would be *included* in the amount in controversy, and interest and costs would be *excluded* from the amount in controversy.[7] The Court understands that this mention of "penalties" is not an invocation of any specific penalties or statutes, but rather boilerplate language about amounts in controversy.

For the reasons above, the Court recognizes that Plaintiff does not seek a kind of interest that would contribute to the amount in controversy. Plaintiff explicitly renounces the right to seek any kind of penalties or fees that would contribute to the amount in controversy. The only kind of interest Plaintiff does not renounce is the kind anticipated by § 1332, which is explicitly excluded from the calculation of amount in controversy. Despite Defendant's best efforts, the Court sees no bad faith manipulation of the law, only Plaintiff's rightful prerogative to stipulate to the amount in controversy in order to choose her forum—not forum shopping or gamesmanship, but merely availing herself of the legally available options as the master of her complaint.

### III.  CONCLUSION

Plaintiff has shown that she will be unable to recover more than $75,000, and so the amount in controversy does not meet the minimum amount to maintain federal jurisdiction. Therefore,

---

[7] This may also be a confusion of grammar, the antecedent of the qualifying clauses in Plaintiff's sentence being slightly unclear. From context, however, the Court understands that the sentence is to be read as "Plaintiff will not seek an award [that is greater than $75,000 including penalties and excluding interest]", whereas it seems Defendant is reading something like "Plaintiff will not seek an award [that is greater than $75,000] and what she seeks will include penalties but exclude interest".

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **GRANTED** and the matter **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on September 14, 2023.

---

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**